UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-MJ-03278-JJO-1

In Re: Sealed Search Warrant and
Application for a Warrant
_____/

# MORDECHAI KORF, URIEL LABER, CHAIM SHOCHET
# AND THE OPTIMA FAMILY COMPANIES'
# MOTION TO INTERVENE

Mordechai Korf, Uriel Laber, Chaim Shochet, and various Optima Family Companies (collectively the "Movants")[1] hereby move to intervene in this proceeding, in order to assert valid claims of privilege and thereby avoid the deprivation of their constitutional rights.

As privilege holders, the Movants are permitted to intervene. *See In re Grand Jury Proceedings (Freeman)*, 708 F.2d 1571, 1575 (11th Cir. 1983) (holding that it was error to preclude limited intervention by claimed privilege holder in grand jury proceedings in order to assert privilege) (citing *In re Grand Jury Proceedings (Jeffrey Fine)*, 641 F.2d 199, 201-03 (5th Cir. 1981)); *see also In re Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019) (intervention permissible to assert privilege claims and challenge constitutionality of taint procedure); *In re Grand Jury Subpoenas*, 454 F.3d 511 (6th Cir. 2006) (same); *United States v. Martoma*, 962 F. Supp. 2d 602, 605-06 (S.D.N.Y. 2013) ("A third-party's reasonable assertion of privilege with respect to documents to be produced in a criminal action

---

[1] The Optima Family Companies are listed in Attachment B.3 to the search warrant. The Movants include all such companies with the exception of Optima Specialty Steel, Kentucky Electric Steel, Corey Steel Company, Michigan Seamless Tube, LLC, Georgian Manganese, LLC, Vartisikhe 2005, LLC, Optima Harvard Facility LLC and Optima Stemmons, LLC.

is sufficient grounds on which to grant the third-party's motion to intervene and to consider the merits of that party's application.").

By way of background, on August 4, 2020, federal law enforcement executed a search warrant at the offices of the relevant Optima Family Companies located at 200 S. Biscayne Boulevard, Suite 5500, Miami, Florida, 33130. As part of that search, law enforcement seized documents and equipment, including internal servers containing electronic documents and correspondence.

In-house lawyers for the Optima Family Companies and affiliated individuals (such as the Movants), worked at the office, attorneys Daniela Rost, Robert Powell, Thad Florence, and Julia Kim performed legal work for various Optima Family Companies and individuals, including Korf, Laber and Shochet. Both Ms. Rost and Mr. Powell provided legal advice to many of the Optima Family Companies and theirs affiliated individuals, including the Movants. Throughout the years, the office also employed a number of paralegals. Ms. Rost was present in her private office on the date of the search. She verbally informed the agents that day, and again in writing the following day, that they had seized documents that were protected from disclosure by the attorney-client and/or work product privileges. The electronic data seized by the government contains the Optima Family Companies and their affiliated individuals' privileged documents.

The government has stated that it will be reviewing all of the seized documents and communications for privilege on its own, using a "filter team." The Movants therefore seek intervention to ensure that the protocol used to assess privilege accords with fundamental constitutional rights, including those afforded by the Sixth Amendment. *See In re Search Warrant Issued June 13, 2019*, 942 F.3d 159; *In re Grand Jury Subpoenas*, 454 F.3d 511; *see also United States v. Blasco*, 702 F.2d 1315, 1329 (11th Cir. 1983) (holding that "a communication between an attorney and his client that is protected by the common law attorney-client privilege

is also protected from government intrusion by the sixth amendment"). Because the "filter team" procedure employed by the government will cause the Movants irreparable harm, depriving them of their fundamental constitutional rights, intervention should be granted. *See generally In re Search Warrant*, 942 F.3d 159 (allowing intervention and holding that "filter team" procedure was improper); *In re Grand Jury Subpoenas*, 454 F.3d 511 (same). Due to the exigencies imposed by the government's ongoing possession and stated intention of reviewing privileged documents, the Movants have filed a separate motion for preliminary injunction, (the "Motion"), contemporaneously herewith. The Motion sets forth in detail the factual basis for intervention, as well as the legal interests at issue and the nature of the relief sought.

For all of the foregoing reasons, as well as those detailed in the Motion filed contemporaneously herewith, the Movants should be granted leave to intervene to assert claims of privilege and to attempt to preserve their constitutional rights.

WHEREFORE, the Movants respectfully request that this Court grant leave to intervene in this action, and any other relief that the Court deems just and proper.

Respectfully submitted,

Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Blvd., Suite 1300
Miami, FL 33131
Tel: (305) 371-6421
Fax: (305) 371-6322

By: /s/ Howard M. Srebnick
Howard M. Srebnick
Florida Bar No. 919063
Robert T. Dunlap
Florida Bar No. 11950
HSrebnick@RoyBlack.com
RDunlap@RoyBlack.com

*Attorneys for Movants Mordechai Korf and Optima Family Companies*

Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz
Mark P. Ressler
Ronald R. Rossi
Sarmad M. Khojasteh
Joshua Paul
*Pro Hac Vice Anticipated*
MKasowitz@kasowitz.com
MRessler@kasowitz.com
RRossi@kasowitz.com
SKhojasteh@kasowitz.com
JPaul@kasowitz.com

*Attorneys for Movants Mordechai Korf, Uriel Laber, Optima Family Companies and Chaim Shochet*

By: */s/ Scott A. Srebnick*
Scott A. Srebnick, P.A.
201 South Biscayne Boulevard
Suite 1210
Miami, FL 33131
Telephone: (305) 285-9019
Facsimile: (305) 377-9937
Scott@srebnicklaw.com
*Attorney for Movant Uriel Laber*

4