UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-MJ-03278-JJO-1

In Re: Sealed Search Warrant and
Application for a Warrant
_____/

**UNITED STATES' OPPOSITION TO MOTION TO STAY THE FILTER
PROSECUTOR'S REVIEW OF PRIVILEGED DOCUMENTS PENDING APPEAL**

Having successfully delayed the Government's review of documents for three months, Mordechai Korf, Uriel Laber, Chaim Shochet, and various entities they own or control within the Optima Family of Companies ("Movants") now ask for more. And unlike the finite, weeks-long stays provided by Magistrate Judge O'Sullivan and this Court to adjudicate Movants' challenges, the latest request, if granted, would likely delay review for many more months. Movants had two chances to make their case, and their arguments were appropriately rejected both times. The appeal is meritless, and Movants do not even attempt to meet the heavy burden required to obtain a stay pending appeal. The Court should deny their motion.

## BACKGROUND

The background of this dispute is thoroughly discussed in the Government's opposition, Docket Number ("Dkt. No.") 11 at 2-6.

As relevant here, Magistrate Judge O'Sullivan granted Movants the ability to conduct an initial privilege review of documents seized during a search of their offices. During that review, the Government is not permitted to review any of the seized documents. Following the review, all documents Movants claim privilege over will be segregated and may not be reviewed by the investigative team unless Movants withdraw the designation or the court orders otherwise. Magistrate Judge O'Sullivan permitted "the government's filter team to review any item listed on

1

the privilege log in order for the government's filter team to make an informed challenge to the movants' privilege designations." Dkt. No. 20 at 20.

This Court upheld that ruling. It noted that filter review of privileged documents is "well-established" and "routine," and that filter review "protect[s] rather than infringe[s] upon, the privilege protections afforded to parties." Dkt. No. 36 at 3-4. It found that Movants would not be harmed by a privilege review, and that Judge O'Sullivan's "carefully crafted" order afforded far more protection than many others that had been deemed appropriate. *Id*. at 5, 7.

This Court stayed its order to allow Movants to appeal. Movants filed a notice of appeal on November 10, 2020. On the eve of the stay expiring, Movants filed this motion for a stay.

## ARGUMENT

A stay pending appeal is extraordinary relief for which the moving party bears a heavy burden. *Winston-Salem/Forsyth Cty. Bd. of Ed. v. Scott*, 404 U.S. 1221, 1231 (1971). The Eleventh Circuit considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted). *See also Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *Castillo v. Tucker*, No. 10-23898-CIV, 2012 WL 2049360, at *1, (S.D. Fla. June 6, 2012). None is in Movants' favor.

### 1. **Movants Are Not Likely To Succeed On The Merits.**

Movants are not likely to succeed on the merits, the "most important factor." *Garcia-Mir*, 781 F.2d at 1453. "A finding that the movant demonstrates a probable likelihood of success on the merits on appeal requires that [the court] determine that the trial court below was clearly

erroneous." *Id.* (citing *In re Grand Jury Proceedings*, 689 F.2d 1351, 1353 (11th Cir. 1982) (*per curiam*)).[1]

This Court's affirmance of Judge O'Sullivan's provision of a modified filter review is not clearly erroneous. As both Judge O'Sullivan and this Court recognized, there is vast authority supporting the use of filter review. *See* Dkt. No. 20 at 8 ("Filter teams have been employed to conduct privilege reviews in numerous cases."); Dkt. No. 36 at 3 ("it is well-established that filter teams . . . are routinely employed to conduct privilege reviews"). *See also United States v. Sealed Search Warrant*, No. 217CR103VEHTMP1, 2017 WL 3396441, at *2 (N.D. Ala. Aug. 8, 2017) ("Traditionally, filter teams have been used to protect privileged information . . . from being viewed by investigators."); *United States v. Matter of Search of Info. Associated With Fifteen Email Addresses Stored at Premises Owned*, No. 2:17-CM-3152-WC, 2017 WL 4322826, at *9 (M.D. Ala. Sept. 28, 2017) (noting that the practice of employing a filter team "has a lineage of use"); *In re Ingram*, 915 F. Supp. 2d 761, 764 (E.D. La. 2012) (noting that "several U.S. District Courts . . . have approved the use of government filter teams."); *In re Search of 5444 Westheimer Rd. Suite 1570, Houston, Texas*, *on May 4, 2006*, No. H-06-238, 2006 WL 1881370, at *3 (S.D. Tex. July 6, 2006) (noting that "[o]ther courts have upheld the use of taint team procedures."); *United States v. Jarman*, 847 F.3d 259, 266 (5th Cir. 2017) ("The taint process here was designed to protect [Defendant's] clients' privileged information."); *United States v. Sutton*, No. CRIMA5:08-CR-40(HL), 2009 WL 481411, at *9 (M.D. Ga. Feb. 25, 2009) (finding that, because a filter team was used, a search did not violate the attorney client privilege); *United States v. Jimenez*, No. CR 16-00153-CG-N, 2017 WL 3568670, at *2 (S.D. Ala. Aug. 17, 2017) (approving

---

[1] If Movants want this Court to find that its decision was clearly erroneous, they should have filed a motion for reconsideration rather than asking this Court to make that determination in the context of a stay.

use of a filter team to identify and segregate privileged emails); *United States v. Metter*, 860 F. Supp. 2d 205, 210 (E.D.N.Y. 2012); *United States v. Triumph Capital Grp.*, Inc., 211 F.R.D. 31, 43 (D. Conn. 2002) (holding that "[t]he use of a taint team is a proper, fair and acceptable method of protecting privileged communications when a search involves property of an attorney"); *United States v. Coffman*, 574 F. App'x 541, 565 (6th Cir. 2014).

The Eleventh Circuit has also noted the use of filter reviews and has not found that defendants were prejudiced by it. *See, e.g.*, *United States v. DeLuca*, 663 F. App'x 875, 877 (11th Cir. 2016); *United States v. Kallen-Zury*, 710 F. App'x 365, 373 (11th Cir. 2017).

Although Movants try to distinguish themselves by claiming the search was the "functional equivalent" of a law office search, and point to a Fourth Circuit opinion that rejected a filter review in such circumstances, as Judge O'Sullivan and this Court found, this case is not in any way analogous to a law office search. Dkt. No. 20 at 10; Dkt. No. 36 at 4. It has much more in common with the myriad cases that have allowed filter review as a routine part of an investigation that protects, rather than derogates, privilege rights.

Movants offer no basis to believe that this Court's decision allowing a filter review is clearly erroneous, or that they will be successful in challenging the near uniform approval of filter reviews. Their showing of a likelihood of success on the merits does not even rise to the inadequate level of "better than negligible." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Simply put, Movants cannot meet—and do not try to meet—their burden of showing that they are likely to succeed on the merits. For that reason, this Court should deny a stay pending appeal.

### 2. Movants Have Not Shown A Likelihood Of Irreparable Injury

A stay "may not issue" if the movant fails to "make a certain threshold showing regarding irreparable harm . . . regardless of the [ ] proof regarding the other stay factors." *Doe #1 v. Trump*,

4

957 F.3d 1050, 1058 (9th Cir. 2020).  The chance of irreparable injury must be more than a mere "possibility."  *Nken*, 556 U.S. at 435.

Movants do not articulate *any* basis for finding that they will suffer irreparable injury absent a stay—the word "injury" (or an analog) does not even appear in their motion.  On that basis alone, the motion should be denied.

Even if Movants had tried to articulate the sort of nebulous injury they referred to in their initial motion, that argument would fail.  Under this Court's order, a separate filter team, entirely distinct from the investigative team, in a different office location, will be able to review potentially privileged documents and make appropriate privilege challenges.  That review will take place only after *Movants* have segregated the materials they deem to be privileged.  The investigative team will not have access to any documents prior to that review.  And even after the filter team has conducted a review, it cannot release documents to the investigative team without the permission of Movants or an order from the court.

As Judge O'Sullivan and this Court found, there is no harm at all from such a review protocol.  Dkt. No. 20 at 16; Dkt. No. 36 at 5.  It is far more protective than typical filter reviews, and there are greater barriers to accidental exposure by the investigative team to privileged materials.  The Supreme Court has recognized that collateral-order appeals, such as Movants, are not necessary to protect the attorney-client privilege, and that post-judgment appeals suffice. *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 108-09 (2009).

### 3. A Stay Would Prejudice The Government And Is Not In The Public Interest

The third and fourth factors of the stay analysis, which merge when the Government is the opposing party, also strongly militate against a stay.  *See Nken*, 556 U.S. at 435.  The appeal could last months—Movants have until December 20, 2020 to file their brief (even if they are "planning"

to submit the brief early and "intend[] to devote substantial professional time" to it).  Dkt. No. 42 at 2.  Briefing would take another month and a half after that.  There is then the possibility of oral argument, and the time the court will take to reach a decision.

If the Court's order is stayed, the Government would be hamstrung in its analysis of Movants' privilege designations during that time.  Without "the opportunity to brief or argue [privilege determinations] aided by the contents of the document," the Government "would likely be unable to argue, for example, that no attorney-client privilege attached to the communication because of the crime-fraud exception, or that a document should be available for use at trial, regardless of work-product contents, because of necessity and unavailability by other means." *United States v. Grant*, No. 04 CR 207BSJ, 2004 WL 1171258, at *2 (S.D.N.Y. May 25, 2004). As Judge O'Sullivan and this Court found, access to the documents themselves, by a filter attorney, is essential and entirely appropriate.  The Government will be prejudiced if a stay issues, because the investigation will be delayed.

Movants coyly suggest that the Government would not be injured because it "has plenty of material to review."  Mot. at 3.  Movants have no way of knowing what the Government is reviewing or what resources it is employing; their speculation is meaningless.  And, in any event, it is wrong.  The *filter attorney* would have *nothing* to review related to the search if a stay is issued.  Rather than beginning a lengthy process now, it would be forced to wait for months.

Movants also claim that the filter attorney "presumably need[s] time to acquaint himself with the theory of prosecution."  *Id*.  Not so.  The filter attorney is ready to start his review at a moment's notice.  That process should not be delayed further.

The public has a "strong interest in the investigation and prosecution of criminal conduct." *Grant*, 2004 WL 1171258, at *2.  If that interest "is to be adequately protected," "the Government

6

should be allowed to make fully informed arguments as to privilege." *Id*. That interest will be materially harmed if Movants are allowed to delay challenges to their privilege designations by months. There is no basis for such a delay.

## CONCLUSION

Neither Judge O'Sullivan's order nor this Court's affirmance was clearly erroneous or contrary to law, and Movants will not be injured in the absence of a stay. Meanwhile, the Government will be. There is no basis for a stay, and the Court should deny the request.

Respectfully submitted,

DEBORAH CONNOR, CHIEF
  MONEY LAUNDERING AND ASSET
  RECOVERY SECTION

DATED: November 19, 2020    BY:    */s Shai D. Bronshtein*
Shai D. Bronshtein, Trial Attorney (#A5502665)
Mary Butler, Chief, International Unit
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 616-5950
Email: Shai.Bronshtein@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 19, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

> BY: /s Shai D. Bronshtein
> Shai D. Bronshtein
> Trial Attorney, Criminal Division
> United States Department of Justice